UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

FILED
MAR 3 1 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

NEVILLE SYLVESTER LESLIE #42741-083
555-1 Cornell Drive
Philipsburg, PA 16866
Plaintiff                            )
                                     )
                                     )   Case: 1:08-cv-00562
                                     )   Assigned To : Unassigned
UNITED STATES BUREAU OF PRISONS      )   Assign. Date : 04/01/2008
CORNELL COMPANY INC                  )   Description: Pro Se Gen. Civil
                                     )
          Defendants                 )
_____/

CIVIL ACTION LAWSUIT PURSUANT TO TITLE 42 USC§1983

CIVIL RIGHT A§1

Now Comes, Neville Sylvester Leslie, Pro-Se before this honorable United States District Court For The District Of Columbia, respectfully moves this Court to adjudicate this instant motion of Civil action lawsuit pursuant to title 42 USC§1983 and Civil Right A§1, against United States Bureau Of Prisons and Cornell Company Inc.

JURISDICTION

The United States District Court has Jurisdiction pursuant to 28 USC§1331, which section provides, "The District Courts shall have Original Jurisdiction of all civil actions arising under the Constitution, Laws, and Amendments as to the thirteen (13) and eight (8) Amendments, within the border and boundry of the United States.

RECEIVED
FEB 27 2008
Clerk, U.S. District and
Bankruptcy Courts

STATEMENT OF THE CASE

On April 16, 1998, Plaintiff Neville Sylvester Leslie was charged in a two count Indictment charging him with violation of Title 21 United States code, section 841(a)(1) and 846. Count one (conspiracy to possess with intent to distribute fifty(50) grams or more of a mixture

1

and substance containing a detectable amount of cocaine base, commonly known as "crack", a schedule II controlled substance).

Count two of the same Indictment, charged Plaintiff Neville Sylvester Leslie with violation of Title 21, United States Code, section 841(a)(1), (unlawfully, knowingly and intentionally possessing with intent to distribute five (5) grams or more of a mixture and substance containing a detectable amount of cocaine base, commonly known as "crack" a scheduled II controlled substance).

On June 3, 1998, a guilty plea was entered at the Plaintiff's sentencing Court, in which Plaintiff was beguiled to take the guilty plea to count one of the indictment, and the Court accepted the guilty plea.

The Court then sentenced Plaintiff Neville Sylvester Leslie on October 2, 1998, to a term of One Sixty-eight (168) months as to count one, and five years of supervised release as to the same count one.

The Court then placed Plaintiff Neville Sylvester Leslie in the custody of the Attorey General, through the United States Marshall to be confined in the Bureau Of Prisons.

### ARGUMENT AND LAW AS PERTAINING TO THE EIGHT AND THIRTEENTH AMENDMENTS OF THE CONSTITUTION

Plaintiff Neville Sylvester Leslie is a Permanent Resident of the United States Of America and not an illegal alien. Plaintiff has been married since May 1, 1986, to an American Citizen and lived in the United States since then. So Plaintiff is protected under the "Constitution, Amendments" of the United States Of America.

On October 2, 1998, Plaintiff was sentenced to a term of One Sixty eight (168) months to be served in the "Bureau Of Prisons", "FCI", and not in "MVCC Private Jail". The Bureau Of Prisons, "Violated", a Court

order, for sending Plaintiff to a Private Jail.

Also the Bureau Of Prisons, violated the "Thirteenth Amendment", when the "Bureau Of Prisons", sold Plaintiff Leslie to the Private Company, "Cornell Company, Inc" at Moshannon Valley Correction Center, On May 9, 2006, which COrnell Company Inc became the "Badges", that led to "Involuntary Servitude, for Immigrant Inmate because the main Asset or Liability for the Company and Share holders, which resulted in "eight (8) Amendment Violation", which is <u>Cruel and Unusual Punishment</u>".

The jail which Plaintiff is presently housed as a federal Inmate, the living standards at the facility are way worse than the FCI, which the "BOP" should know of. The first sets of violations are, not enough space in the Pod(living quarters) as required by the "BOP" and the Fire ordinance, no proper air ventilation as required by the "BOP" and the Safety and Health Administration, no windows, feeding is deplorable, recreation compound has too much Safety andHealth Hazards as in Coal Mine dusts and stones and peebles on the track. Violation of Inmates' privacy by providing surveillance Cameras in visiting room strip search areas and recreation room restrooms. Non adequate access to the Courts, law library capacity is well below capacity per ratio for over fourteen (1,400) inmates and no manual law books. Inmates are charged sales tax for items bought off the commisary, so also are the phone minutes more expensive than the price Plaintiff paid in the "BOP" institution. All these and other violations constitutes Cruel and Unusual punishment, a violation of my eight (8) Amendment of the Constitution.

These actions by the "BOP" have amounted to discrimination against Immigrant  inmates and thus violated the thirteen(13) Amendment of the Constitution and section one(1) of the Civil Rights Act.

The "BOP" placed the Plaintiff in the hand of "Cornell CompanyInc" which the Company and the share holders be the "Badges", of the Immigrant inmate which involves " Involuntary Servitude".

The conditions of the private Cornell Company Moshannon Valley Correctional Center is not fit for Federal Inmates and violates the Civil Rights Laws.

Graham v. Broglin, 924 F.2d 379-81( 7th Cir 1991), unless the Custody in which the transfered prisoner will find himself when transfered is so much more restrictive than his former custody that the transfer can fairly be said to have brought about what in Graham we called "a wanton change in the level of custody".

Falcon v. United States Bureau Of Prisons, 52 F.3d at 139, People lawfully in custody still have constitutional rights which they can seek to vindicate by suit under section 1983 for damages or injuctive relief. It is not uncompensated service, but "Involuntary Servitude", which is prohibited by Thirteenth Amendment, Helfin v. Sanford, 142 F.2d 798. All indications are that Thirteenth Amendment does not by itself reach "Badges and Incidents" of slavery since Supreme Court has invoked "Thirteenth Amendment". Plaintiff Neville Sylvester Leslie has the Constitutional Rights under the "Thirteenth Amendment", from being incarcerated at his present Private confinement and profit the private company share holders or Plaintiff being an Asset or Liability for them. Which I have been since May 9, 2007.

In McCarty v. Madigan, 503 U.S 140,117 L.Ed 2d 291,112 S.Ct 1081 1092 (1992) the Supreme Court held that where a Federal Prisoner brought a "Bivens", action seeking only money damages, exhaustion is not required.

Emancipation Proclamation and Thirteenth Amendment was the back bone of freeing humans from been slaves by private owners, Companies or share holders.

4

All along the "States and the Federal Prisons" have the right to enslave people who have been convicted for crime, but not the right to sell inmates to a private Company for the sake of making money and line the pocket of the private investors.

"Congress", did not give power to the "Private Company or the Bureau Of Prisons", to traffick inmates over the United States to private investors, this a violation of the "Thirteenth Amendment and the Civil Rights Act§(1). The Clause of the Thirteenth Amendment enabling Congress to enforce the Amendment by appropriate legislation, and clothes Congress with power to pass all laws necessary and proper for abolishing all "Badges" and incidents of slavery in the "United States".

On January 5, 1866, "Senator Trumbul of Illinois", introduced the bill he had in mind, which later became the Civil Rights Act of 1866. He described its objectives in terms that "Belie" any attempt to read it narrowly

" Mr President, I regard the bill to which the attention of the Senate is now called as the most important measure that has been under its consideration, since the adoption of the "Constitutional Amendment abolishing Slavery". The Amendment declared all persons in the United States should be free!' Senator Trumbull, of Illinois, the chairman of the Judiciary Committe, had brought the Thirteenth Amendment to the floor of the Senate in 1864, in defending the Constitutionality of the 1866 Act. The Senator had said, he had no doubt that under this provision, we may destroy all the discriminations in Civil Rights against the Black man or Human, and if we cannot, our Constitutional Amendment amounts to nothing. It was for that purpose that the second clause of that Amendment was adopted, which states that the Congress shall have Authority, by appropriate legislation, to carry into effect the article "prohibiting" Slavery.

Surely Senator Trumbull, "was right". Surely Congress has the power

5

under the Thirtennth Amendment to determine what are "Badges" and the incidents of slavery.

So for this "Reason", I hope this Court recognizedthat, whatever else the "BOP", and "Cornell Company Inc" have to say, they have conspired encompassing the "Badges" and incidents of slavery, by using "Scheme"together on Immigrant Inmate to "Extirpate" for the "Stake" of private "Investor".

CONCLUSION

Wherefore, based upon the information presented here in this action, in which the information herein consists of laws, statutes and evidence in which Plaintiff have showed a violation of his eight (8) and Thirteenth (13) Amendment Rights.

Therefore, Plaintiff claims nominal damages against the "BOP" United States Bureau Of Prisons, in the sum of Two Million Three Hundred Thousand Dollars ($2,300,000) and against Cornell Company Inc, nominal, punitive and compensatory damages in the sum of Three Million Three Hundred Thounsand Dollars ($3,300,000). A total amount of Five Million Six Hundred Thousand Dollars ($5,600,000).

For nominal, punitive and compensatory damages in violation of Plaintiff's Eight, Thirteen Amendments and Civil Right Act §(1).

Courts, have agreed that the nominal, punitive and compensatory damages are appropriate for the vindication of a right. SEE Kyle v. Patterson, 196 F.3d 695-697 (7th Cir. 1999).

In conclusion, Plaintiff ask and pray that this honorable Court will use Reason and make this case be an "Aleph", and grant the relief that Plaintiff is seeking in this civil action pursuant to Title 42 USC §1983.

                                                Respectfully Submitted,

2/21/08
Dated

                                            */s/ Neville S. Leslie*

                                            Neville Sylvester Leslie
                                            Reg NO: 42741-083
                                            Moshannon Valley Corr Ctr
                                            555 I Cornell Drive
                                            Philipsburg, PA 16866

CERTIFICATE OF SERVICE

The undersigned hereby states that a true copy of this motion was upon the Defendants listed above, such was served by placing such in an evelope bearing the correct amount pre-paid postage, and such was placed in US Mail box, this motion was served upon the following:

Legal Counsel
Bureau Of Prisons
324 First st N.W
Washington, DC 20534

Legal Counsel
Cornell Companies Inc
1700 West Loop South
Suite 1500
Houston, TX 77027

Clerk Of The Court
United States District Court
For The District Of Columbia
333 Constitution Ave, N.W
Washington, DC 20001

Executed on this 21 day of February 2008.

Respectfully Submitted,

*Neville S. Leslie*
Neville Sylvester Leslie
Reg NO: 42741-083
Moshannon Valley Corr Ctr
555 I Cornell Drive
Philipsburg, PA 16866

8